NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY v. JAMES H. COOKSON.

Upon a judgment rendered by a justice of the peace in attachment proceedings lawfully instituted before him, he has jurisdiction of an action by *scire facias* against a garnishee who resides within the limits of a city in which a District Court is established.

On *certiorari.*

Argued at February Term, 1883, before Justices DIXON and MAGIE.

For the plaintiff in *certiorari*, A. *Zabriskie.*

For the defendant in *certiorari*, J. A. *McGrath.*

The opinion of the court was delivered by

DIXON, J.  The only question presented in this case is whether, upon a judgment rendered by a justice of the peace in attachment proceedings lawfully instituted before him, a writ of *scire facias* can be issued against a garnishee who resides within the limits of a city wherein a District Court is established.  The prosecutor contends that the jurisdiction of the justice is ousted by force of the sixth section of the District Court act, (*Rev., p.* 1302,) which gives District Courts exclusive jurisdiction in all cases arising under that act when the defendant resides in the city where the courts exist.

But I think an action by *scire facias* upon a justice's judgment in attachment is not to be regarded as being in the class of "cases arising under the District Court act."  Such a suit must be brought in the court where the record of the judgment is, (*Com.* v. *Downey,* 9 *Mass.* 520; *Slape* v. *State,* 15 *Vroom* 264,) and consequently a District Court would have no jurisdiction thereof.

The plaintiff might, indeed, have avoided this question by purchasing his writ of attachment from the District Court, but he was not bound to do so. The jurisdiction of these courts by attachment against non-resident defendants is not declared to be exclusive merely because a garnishee is resident in the city, and we cannot hold it practically to be so by any roundabout inference.

The judgment of the justice must be affirmed, with costs.